# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | 2:03-CR-0235-RCJ-PAL |
| Plaintiff/Respondent. | ) | 2:06-CV-0724-RCJ-PAL |
| v. | ) ) | |
| RICARDO ANTHONY FIGUEROA, | ) | **O R D E R** |
| Defendant/Petitioner, | ) ) | |

Before the Court for consideration is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document #1, Criminal Docuemnt #109).  The Court has considered the motions and pleadings on file on behalf of all parties.  IT IS HEREBY ORDERED that Petitioner's Motion is *denied*.

## BACKGROUND

On May 21, 2003, a District of Nevada Federal Grand Jury indicted Ricardo Anthony Figueroa ("Petitioner"), charging him with one count of being a Felon in Possession of a Firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) .  On December 17, 2003, Petitioner filed a Motion to Suppress (#18) the officers' discovery of the firearm and the statements Petitioner made incident to his arrest.  On March 10, 2004, an evidentiary hearing was held on the Motion to Suppress.  The United States Magistrate Judge denied Petitioner's motion on March 25, 2004, and on June 8, 2004, this Court affirmed the denial.  A

Superseding Criminal Indictment was filed against Petitioner on July 28, 2004, alleging that Petitioner possessed the firearm found in his apartment in connection with another felony offense.

After a two-day jury trial, Petitioner was convicted of the superseding indictment charge on September 1, 2004. On November 29, 2004, Petitioner was sentenced to forty-one months imprisonment and three years supervised release. On January 13, 2006, the Ninth Circuit Court of Appeals affirmed Petitioner's conviction and sentence.

On June 12, 2006, Petitioner filed this 28 U.S.C. § 2255 Motion to Vacate alleging ineffective assistance of counsel by three different court-appointed attorneys. Petitioner alleges that his attorneys did not file timely motions, failed to raise and/or argue key issues, unnecessarily delayed filing a direct appeal, and that two of his attorneys withdrew as counsel. (#109, ¶ 17.) Petitioner also alleges that his appellate counsel did not communicate with him regarding his appeal to the Ninth Circuit and that as a result, Petitioner had to communicate directly with the Ninth Circuit. In addition to the ineffective assistance of counsel allegations, Petitioner alleges the firearm evidence should have been suppressed because the firearm was not in plain view, and thus the search and seizure performed by the police violated his Fourth Amendment rights. Petitioner further alleges that the arresting officer's testimony that the firearm was concealed constituted perjury because the police report stated that the firearm was "in plain view next to the dresser." (*Id.*) Petitioner argues that this perjury makes his arrest unlawful.

On August 16, 2006, the Government filed its Response (#111) to Petitioner's motion. The Government argues that Petitioner is attempting to couch non-reviewable issues

as ineffective counsel arguments.  The Government further argues that Petitioner's ineffective

assistance claim fails as a matter of law.

## DISCUSSION

**I. Standard of Review**

To obtain relief under 28 U.S.C. § 2255, a petitioner must clear a "significantly higher

hurdle" than would be required on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166

(1982).  This higher hurdle requires that petitioners "demonstrate either 'cause' and actual

'prejudice' or that [they are] 'actually innocent'" in order to mount a collateral attack.  *United*

*States v. Ratigan*, 351 F.3d 957, 964 (9th Cir. 2003) (quoting *Bousley v. United States*, 523

U.S. 614, 622 (1998)).

To prove "cause," petitioners must show that an external obstacle prevented them

from raising their claims either at trial or on direct appeal.  *See McCleskey v. Zant*, 499 U.S.

467, 497-98 (1991).  A finding of "actual prejudice" requires petitioners to show they

suffered an actual and substantial disadvantage.  *Frady*, 456 U.S. at 170.  When applying the

"cause" and "actual prejudice" standards, § 2255 motions "must establish that the violation

amounted to a jurisdictional or constitutional error or that the violation resulted in a complete

miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure."

*United States v. Grewal*, 825 F.2d 220, 222 (9th Cir. 1987).  A petitioner meets the cause and

prejudice test if he can demonstrate that his counsel was ineffective.  *United States v.*

*McMullen*, 98 F.3d 1155, 1157 (9th Cir. 1996).  Petitioner must assert with specificity

counsel's actions or omissions which resulted in ineffective assistance–a general allegation of

1    ineffective assistance will not suffice.  *United States v. Causey*, 835 F.2d 1289, 1291 (9th Cir.

2    1987).

3    **II.  Petitioner's Ineffective Assistance of Counsel Claim**

4            To prevail on a claim for ineffective assistance, Petitioner must prove (1) that

5    counsel's performance was deficient, and that (2) the deficient performance prejudiced

6    Petitioner's case.  *Strickland v. Washington*, 366 U.S. 668, 687 (1984).  Generally, to prove

7    deficient performance, a petitioner must show that "counsel made errors so serious that

8    counsel was not functioning as the counsel guaranteed by the Sixth Amendment" and that the

9    attorney's performance "fell below an objective standard of reasonableness."  *Id.* at 687-88.

10   The court must evaluate counsel's performance based on the circumstances as they were at

11   the time of the alleged errors, and not with the benefit of hindsight.  *Id*. at 689-90.  The court

12   presumes that counsel's conduct "falls within the wide range of reasonable professional

13   assistance," and the defendant bears the burden to overcome this presumption.[1]  *Id*. at 689.

14

15           To prove prejudice, Petitioner must show that his counsel made such serious errors so

16   as to deprive him of a fair trial.  *Id.*  Stated differently, Petitioner must demonstrate "a

17   reasonable probability that, but for counsel's unprofessional errors, the result of the

18   proceeding would have been different."  *Id*. at 694.  Reasonable probability is "probability

19   sufficient to undermine confidence in the outcome."  *Id*.

20           Here, Petitioner alleges his counsels' assistance was ineffective because his attorneys

21   did not file timely motions, failed to raise and/or argue key issues, unnecessarily delayed

22

23           [1]Because Petitioner filed his motion *pro se*, the Court liberally construes the motion and holds it to a less
     stringent standard than the Court would otherwise view formal pleadings submitted by an attorney.  *See Haynes v.*
24   *Kerner*, 404 U.S. 519, 520-21 (1972).

25                                          Page 4 of  7

filing a direct appeal, and that two of his attorneys withdrew as counsel.  (#109, ¶ 17.)
Petitioner has failed to allege with sufficient specificity his attorneys' actions that fall below
professional norms.  Petitioner has not indicated which motions his attorneys failed to file in
a timely manner or what issues his attorneys neglected to raise or argue.  Withdrawing as
counsel does not fall below professional norms as withdrawals are done with court approval.
Petitioner incorrectly states that his direct appeal was defaulted.  The Ninth Circuit Court of
Appeals heard and decided Petitioner's appeal on the merits.  *United States v. Figueroa*, 162
Fed. App'x 788 (2006).  Petitioner does not make clear why he believes the direct appeal was
unnecessarily delayed.

    Petitioner's final ineffective assistance allegation is that his appellate counsel did not
contact him after the Ninth Circuit issued its decision on the direct appeal.  Assuming the
appellate counsel's failure to notify was unreasonable and met the first prong of the
*Strickland* test, Petitioner cannot establish any prejudice as a result.  Petitioner became aware
of the Ninth Circuit's decision in time to file his § 2255 petition and cannot point to any
evidence that would demonstrate that a different outcome would result had his counsel
informed him of the Ninth Circuit's decision.  *See Strickland*, 366 U.S. at 694 (stating that to
demonstrate prejudice and establish ineffective assistance, a petitioner must demonstrate "a
reasonable probability that, but for counsel's unprofessional errors, the result of the
proceeding would have been different").

    Petitioner has not sufficiently alleged that his attorneys' actions fell below an
objective standard of reasonableness.  Even if Petitioner's appellate counsel's failure to notify

him fell below the objective standard of reasonableness, Petitioner has not demonstrated prejudice.  Accordingly, Petitioner's ineffective assistance claims fail as a matter of law.

### III.  Fourth Amendment Claim

In the Ninth Circuit, it is "clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion."  *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972); *see also Stein v. United States*, 390 F.2d 625, 626 (9th Cir. 1968).  In *Stein*, the defendant was charged with, and convicted of, conspiracy to sell heroin and for selling heroin.  390 F.2d at 626.  On appeal, the Ninth Circuit affirmed the defendant's conviction and sentence.  *Id*.  The defendant then filed a § 2255 motion alleging collusion between the defendant's trial counsel and the agents of the United States, and that the government knowingly used perjured testimony against him.  *Id*.  The court refused to reopen the collusion issue because it had already been decided adversely on appeal.  *Id*.

Petitioner's contention in the instant motion that the firearm evidence was illegally obtained is not reviewable.  Like the collusion issue in *Stein*, the legality of the police's search of the apartment and seizure of the firearm was decided adversely on direct appeal.  Accordingly, Petitioner may not argue his Fourth Amendment claim again in a 2255 motion.

Petitioner also contends that he was convicted on evidence falsified to validate an unlawful arrest.  The police report states that the shotgun was found "in plain view next to the dresser[;]" however, the arresting officer testified during the trial that the gun was concealed except for an inch of the barrel.  Petitioner alleges that the government knowingly used perjured testimony.  Despite Petitioner's contention, the testimony given at trial would not affect his case.  If in fact the gun was not concealed, the police had cause to arrest Petitioner.

If the gun was concealed, both this Court and the appellate court determined that the police had cause to search the apartment because the police were responding to a 911 call in which the caller stated that Figueroa was going to shoot her. *Figueroa*, 162 Fed. App'x at 789. Therefore, under the emergency doctrine, the police had probable cause to conduct a search. *Id*.

## CONCLUSION

Petitioner does not present any evidence that demonstrates he received ineffective assistance of counsel. In addition, Petitioner's Fourth Amendment contentions are not reviewable because they have been decided adversely on direct appeal.

IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Document #1, Criminal Document #109) is *denied*.

DATED this 19th day of December, 2006.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE